## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
-----------------------------x
                             :
EDWARD McANNENY              :    Civil No. 3:17CV00012(AWT)
                             :
v.                           :
                             :
SMITH & NEPHEW, INC.         :    March 19, 2018
                             :
-----------------------------x
```

### RULING ON PLAINTIFF'S RENEWED MOTION TO COMPEL [DOC. #71]

Pending before the Court is a Renewed Motion to Compel filed by plaintiff Edward McAnneny ("plaintiff") seeking additional responses to certain interrogatories and requests for production. [Doc. #71]. Defendant Smith & Nephew, Inc. ("defendant") has filed an opposition to plaintiff's motion. [Doc. #79]. Plaintiff has filed a reply. [Doc. #82]. For the reasons set forth herein, the Court **GRANTS, in part, and DENIES, in part**, plaintiff's Motion to Compel [**Doc. #71**].

### I.  Background

On June 29, 2017, plaintiff filed three motions to compel, seeking further responses to plaintiff's first set of interrogatories, first set of requests for production, and second set of requests for production. See Doc. ##25, 26, 27. Defendant filed a combined response to the motions to compel on August 31, 2017. See Doc. #41. On September 26, 2017, plaintiff filed a reply, see Doc. #45, and three affidavits signed by

plaintiff's counsel Andrew Pianka detailing plaintiff's efforts
to resolve the discovery disputes, see Doc. ##42, 43, 44.

On September 28, 2017, the Court held a telephonic status
conference regarding the pending motions to compel. See Doc.
#48. The parties filed a joint status report on October 10,
2017, indicating that they were working to resolve the
outstanding issues. See Doc. #49. The Court held another
telephonic status conference on October 12, 2017, during which
it granted defendant's oral motion for an extension of time
until November 9, 2017, to respond to plaintiff's discovery
requests, absent objection. See Doc. #54.

On November 15, 2017, plaintiff filed a notice indicating
that the parties had resolved a number of the discovery
disputes, but that there were still outstanding issues regarding
six of plaintiff's interrogatories and two sections of
plaintiff's second set of requests for production. See Doc. #59
at 1-2. The Court held another telephonic status conference on
December 20, 2017. See Doc. #66. The parties indicated that they
were still working to resolve these disputes. The Court
therefore entered an order requiring plaintiff to file a new
motion to compel on or before January 3, 2018, indicating which
discovery issues, if any, remained unresolved. See Doc. #66.
Plaintiff informed the Court that its Motion to Compel Further
Responses to Plaintiff's First Request for Production had become

moot, so the Court entered an Order terminating that motion. See Doc. #67.

On January 3, 2018, plaintiff filed the renewed motion to compel currently pending before the Court. See Doc. #71. Plaintiff asks the Court to compel defendant to verify its responses to plaintiff's interrogatories; to respond to two requests for production, which were served on defendant on February 27, 2017 ("February 27, 2017, Requests for Production"); and to respond to plaintiff's Interrogatories 11(c), 11(d), 11(e), 13, and 22,[1] which were served on defendant on April 4, 2017. See id. Although plaintiff did not attach his discovery requests to the renewed motion to compel, plaintiff attached defendant's responses to the relevant requests for production, see Doc. #27-1 at 2-10, and interrogatories, see Doc. #25-1 at 2-16, to his original motions to compel. Defendant filed a response on January 17, 2018, arguing that the issues raised by plaintiff "have either been rendered moot, or have no legal or factual basis upon which to order any further

---

[1] Although plaintiff states that "Defendant continues to refuse to respond to the following: Interrogatory #2, subsections (e)(f), and (h); Interrogatory 4(i), 11(e), (f), (h), 13, and 22[,]" Doc. #71 at 7, the motion only addresses Interrogatories 11(c), 11(d), 11(e), 13, and 22, see id. at 7-23. The Court therefore construes the motion as being limited to these interrogatories, and any arguments as to Interrogatories 4(i), 11(f) and 11(h) are waived.

production[.]" Doc. #79 at 1. Plaintiff has filed a reply. See Doc. #82.

For the reasons set forth herein, the Court grants, in part, and denies, in part, plaintiff's renewed motion to compel.

## II.  **Legal Standard**

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The party resisting discovery bears the burden of showing why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009). Nevertheless, the advisory committee's note to the 2015 amendment of Rule 26 explains that

> [a] party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them. The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery.

Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment.

"A district court has wide latitude to determine the scope of discovery[.]" In re Agent Orange Prod. Liab. Litig., 517 F.3d 76, 103 (2d Cir. 2008). "The district court enjoys broad discretion when resolving discovery disputes, which should be exercised by determining the relevance of discovery requests, assessing oppressiveness, and weighing these factors in deciding whether discovery should be compelled." Favale v. Roman Catholic Diocese of Bridgeport, 235 F.R.D. 553, 558 (D. Conn. 2006) (internal quotation marks and citation omitted).

## III. Discussion

### A.   Plaintiff's February 27, 2017, Requests for Production Section I: Coverage – Request No. 1

#### Section I: Coverage

**REQUEST NO. 1:**
> If, at the time of the incident alleged in the Complaint, you were covered by an insurance policy under which an insurer may be liable to satisfy part or all of a judgment or reimburse you for payments to satisfy part or all of a judgment, please produce:
> a) A full copy of each policy;
> b) A complete copy of all claims made on said policy stemming from any dices [sic] listed in Schedule A;
> c) A copy of all communications from the insurer acknowledging the claims and any disclaimer or reservation of rights.

Doc. #27-1 at 2. Schedule A lists identifying information for five devices: "BHR Acetabular Cup with Impactor[,]" "BHR Femoral Head[,]" "Standard Offset[,]" "Modular Femoral Head[,]" and "Sleeve[.]" Id. at 9-10. Defendant initially objected to the request as seeking irrelevant information and as "not proportional

to the needs of the case[.]" Doc. #27-1 at 3. Plaintiff claims
that defendant has since "disclosed two dec pages[,]" but the pages
do not "name the Defendant as a named insured, ... specify whether
it provides product liability coverage, [or] ... set forth the
terms and conditions of the agreement." Doc. 71 at 3.

### 1. *Insurance Policy*

Plaintiff contends that the Court should compel defendant
to produce the entire insurance agreement because it is a
mandatory disclosure under Federal Rule of Civil Procedure
26(a)(1)(A)(iv). See Doc. #71 at 3. In response, defendant
indicates that it "has agreed to produce a copy of the relevant
policy, rendering this portion of the request moot." Doc. #79 at
6. Plaintiff asserts in his reply that "[t]o date, Defendant has
failed or refused to produce it." Doc. #82 at 1. Accordingly,
defendant shall produce a copy of the insurance policy on or
before **April 2, 2018.**

### 2. *Insurance Claims and Insurance Company's Acknowledgement of Claims*

Plaintiff asks the Court to compel production of "all
claims made on the policy stemming from the devices in this
action," asserting that such claims are relevant to "determining
whether there is a defect associated with the products[.]" Doc.
#71 at 3. Plaintiff also seeks to compel the production of the
"insurance company's acknowledgment of the claim, and any

disclaimers or reservation of rights." Id. at 4. Plaintiff
argues: "This is relevant for a number of reasons[,]" including,
"(1) does the insurer acknowledge the existence of a defect; (2)
if the insurer is denying coverage or reserving its right, why?"
Id. Plaintiff cites no case law in support of this request.
Defendant contends that this information is not relevant or
"proportional to the needs of this litigation[,]" Doc. #79 at 7,
and that information about claims by third parties "would
necessarily involve private and privileged information that [is]
barred from disclosure, under patient privacy laws and HIPAA."
Id. at 6. Defendant also argues that "the existence of other
adverse events related to the components at issue have been
repeatedly disclosed to Plaintiff and are readily available in a
federal database that is accessible to the public and has been
provided to Plaintiff's counsel numerous times." Id.

     The Court finds that plaintiff's request seeks information
that is not relevant to plaintiff's claims or proportional to
the needs of the case. See Fed. R. Civ. P. 26(b)(1). Plaintiff
fails to sufficiently explain how insurance claims and
communications from defendant's insurer bear on proving that the
devices in question in this case were defective in the manner
alleged here. See Marchello v. Chase Manhattan Auto Fin. Corp.,
219 F.R.D. 217, 218 (D. Conn. 2004) ("[S]ome threshold showing
of relevance must be made before parties are required to open

wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." (internal quotation marks and citation omitted)). Indeed, plaintiff's assertions regarding the relevance of other claims on defendant's insurance suggest that plaintiff is interested as much in insurance coverage issues as in the question of whether defendant was aware of a potential defect. See, e.g., Doc. #71 at 3 (arguing that claims presented by defendant to insurer would "specify whether or not" defendant "believed there is coverage available ... and the basis for such a claim[]"); id. at 4 (asserting that requested information would reveal "if the insurer is denying coverage or reserving its right, why?"); id. at 2, 4 (emphasizing that defendant previously claimed to be self-insured as to this claim). Plaintiff has not articulated a cogent basis on which to find that information regarding defendant's claims against its insurance, and communications from the insurer relating to such claims, is calculated to lead to admissible evidence.

The Court further finds that plaintiff's request is overbroad, as it seeks the production of all claims "stemming" from the listed devices without limiting the request to claims involving similar circumstances, or alleged defects similar to those at issue in this action. See Cohalan v. Genie Indus., Inc., 276 F.R.D. 161, 166 (S.D.N.Y. 2011) ("[A] court may allow

discovery of similar accidents provided that the circumstances surrounding the other accidents are similar enough that discovery concerning those incidents is relevant to the circumstances of the instant case." (internal quotation marks omitted)). Finally, in light of the questionable relevance of this information, these requests are not proportional to the needs of this litigation. This is particularly true in light of the publicly available information regarding adverse events involving the listed devices in the FDA's MAUDE database.[2]

Accordingly, plaintiff's motion to compel the production of "all claims made on the policy stemming from the devices in this action[,]" Doc. #71 at 3, and the "insurance company's acknowledgment of the claim, and any disclaimers or reservation of rights[,]" Doc. #71 at 4, is **DENIED**.

### B. **Plaintiff's February 27, 2017, Requests for Production Section II: Financial Disclosures — Request No. 1**

#### Section II: Financial Disclosures

<u>REQUEST NO. 1</u>:
Please provide a full copy of all financial disclosures by Smith & Nephew, Inc. and its parent company, Smith & Nephew PLC from 2006 through the present. In addition, provide:

---

[2] <u>See</u> <u>Manufacturer and User Facility Device Experience Database - (MAUDE)</u>, Food and Drug Administration, https://www.fda.gov/medicaldevices/deviceregulationandguidance/postmarketrequirements/reportingadverseevents/ucm127891.htm (last updated February 7, 2018).

> a) The minutes of all meetings in which claims relating to Smith & Nephew's portfolio of metal-on-metal hip products were discussed;
> b) The minutes of all meetings in which claims relating to the devices identified on Schedule A were discussed;
> c) The minutes of all meetings in which insurance coverage for claims relating to Smith & Nephew's portfolio of metal-on-metal hip products were discussed;
> d) The minutes of all meetings in which insurance coverage for claims related to devices identified on Schedule A were discussed;
> e) The minutes of all meetings in which the net or gross cash cost of resolving claims relating to Smith & Nephew's portfolio of metal-on-metal hip products were discussed;
> f) The minutes of all meetings in which an accounting charge to cover the estimated cost to resolve existing or anticipated claims relating to Smith & Nephew's portfolio of metal-on metal hip products were discussed.

Doc. #27-1 at 4. Defendant objected to the original request on the grounds that it sought irrelevant information and was disproportional "to the needs of the case[.]" Doc. #27-1 at 4. Plaintiff has since limited "this request to those minutes covering the 'legal settlement and provisions' portion of" the Smith & Nephew Annual Report 2015. Doc. #71 at 6. Plaintiff attaches the relevant two-paragraph section of the Report to his motion to compel as Exhibit A. See Doc. #71 at 25.

Plaintiff argues that the minutes are "relevant to show what the Defendant knew about any defects with the product, when they knew about the issues, and whether there were any issues raised by the insurance carrier concerning what the Defendant knew about any defects with the Defendant's products." Id. at 7. Defendant contends that production of the minutes is not

appropriate, because "Smith & Nephew plc is not a party to this case and has nothing to do with the design, manufacture, testing, marketing, sale and distribution of the products that were implanted in the Plaintiff." Doc. #79 at 8. Defendant also argues that it is unknown "if meeting minutes exist for the subject matter as identified by the Plaintiff" and that any such minutes "almost certainly were conducted in the presence of counsel and would be subject to privilege." Id. Therefore, defendant argues, it "should not be required to endure the burden of searching for, reviewing, redacting and producing (or placing on a privilege log) documents responsive to this request." Id. In his reply, plaintiff argues that defendant has waived any privilege objection and that "Defendant's assertion that these records may be in the possession of Smith & Nephew PLC is irrelevant." Doc. #82 at 3.

The Court finds that plaintiff's request seeks relevant information and is proportional to the needs of the case. See Fed. R. Civ. P. 26(b)(1). Plaintiff's assertion that the minutes may demonstrate what or when defendant "knew about any defects with the product[,]" Doc. #71 at 7, is sufficient in this context to show that the request is "reasonably calculated to lead to the discovery of admissible evidence[.]" Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352 (1978) (internal quotation marks and citation omitted). Moreover, the request is

narrowly tailored, seeking only the minutes relating to two paragraphs of a single report.

Defendant has failed to meet its burden of showing the request "is overly broad, burdensome or oppressive[.]" In re Priceline.com Inc. Sec. Litig., 233 F.R.D. 83, 85 (D. Conn. 2005). The fact that Smith & Nephew plc is not a party to this case is not pertinent, as requests for production are limited to documents within defendant's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The possibility that the minutes may be privileged is also not a sufficient basis to deny the motion to compel. If defendant asserts that some or all of the information sought is privileged, it must produce a privilege log, as required by Local Rule 26(e). See D. Conn. L. Civ. R. 26(e).

Accordingly, plaintiff's motion to compel the production of minutes of discussions relating to the two-paragraph legal settlement and provisions portion of the Smith & Nephew Annual Report 2015 is **GRANTED.**

**C.    Interrogatories 11(c), 11(d), and 11(e)**

11: For each of the following items:
...
d. Modular Femoral Head Co-Cr
e. Modular Head Sleeve +4mm Co-Cr

Please provide the following information separately for each of the items listed in a through e above:

> 1. Identify the number of these items that have reportedly failed or produced unintended results and for each item reported provide:
> ...
> c. The reference number and lot number of each item reported to have failed or produced unintended results.
> d. Identify whether the Defendant inspected the part after it was alleged that it had failed or produced unintended results, provide the name of the person that conducted the inspection, the date of the inspection, the finding of each exam, and identify all documentation of the examination and findings.
> e. Describe the test that were performed on each item, and the name of the person that performed the test.

Doc. #25-1 at 10-11 (sic). Defendant has objected to this request as vague, overbroad, irrelevant, burdensome, and on the basis of "patient confidentiality." Id. at 11. Subject to its objections, defendant responded by referring plaintiff to "HHEs, Annual Reports produced and MAUDE database." Id. Through the meet and confer process, defendant further responded by referring plaintiff to various documents, the "Complaint file for Mr. McAnneny[,]" and "the Smith & Nephew Complaint file procedure[.]" Doc. #71 at 8-16. Plaintiff contends this information is "non-responsive[.]" Id.

Plaintiff argues: "Whether other similar devices manufactured by the Defendant are defective is relevant in determining whether a large portion (or all) of the devices are defective, the nature of the defect, and when the Defendant knew or should have known of the defect." Doc. #71 at 18. Defendant argues that "Plaintiff has sufficient information in response to

this interrogatory," and that plaintiff has not proffered a sufficient "justification for needing this information" to "warrant any further production from Smith & Nephew." Doc. #79 at 11.

The Court finds that plaintiff's interrogatory seeks information beyond the permissible scope of discovery. See Fed. R. Civ. P. 26(b)(1). "[D]iscovery of similar accidents" is allowed only if "the circumstances surrounding the other accidents are similar enough that discovery concerning those incidents is relevant to the circumstances of the instant case." Cohalan v. Genie Indus., Inc., 276 F.R.D. 161, 166 (S.D.N.Y. 2011) (internal quotation marks omitted). Plaintiff's interrogatory is overbroad, as it seeks information related to any instance where either device failed or produced an unintended result, rather than instances where the devices failed in a manner similar to that alleged in this case. See Lutes v. Kawasaki Motors Corp., USA, No. 3:10CV1549(WWE), 2014 WL 7185469, at *7 (D. Conn. Dec. 16, 2014) (denying a motion to compel a response to an interrogatory that was "overly broad in scope" because it did not "implicate a 'recessed hook,' which [was] the focal point of [the] litigation"); Butkowski v. Gen. Motors Corp., 497 F.2d 1158, 1159 (2d Cir. 1974) (affirming the denial of discovery motions where the district judge could reasonably conclude that discovery motions seeking information

concerning a "different defect from the one that plaintiff
claimed caused the accident" were "irrelevant and immaterial")
(internal quotation marks and citation omitted). The Court
further finds that due to the broad scope and questionable
relevance of the information sought, this interrogatory is not
proportional to the needs of this litigation. This is
particularly true in light of the publicly available information
regarding adverse events involving the listed devices in the
FDA's MAUDE database. See Fed. R. Civ. P. 26(b)(1) (indicating
that the Court should consider "the parties' relative access to
relevant information[]" when determining if discovery is
"proportional to the needs of the case").

Accordingly, plaintiff's motion to compel defendant to
respond to Interrogatories 11(c), 11(d), and 11(e) is **DENIED.**

### D.    Interrogatory 13

13: When did the Defendant first become aware of
information or studies that show the implants received
by the Plaintiff, Edward McAnneny, may lead to elevated
levels of cobalt or chromium ions in the blood.

Doc. #25-1 at 11. Defendant objected to the "request as vague
and overbroad." Id. Defendant responded, subject to its
objections, "see labeling produced." Id.

Plaintiff contends that defendant's response was non-
responsive, and asks the Court to compel a response because the
information sought is relevant to "whether the instructions and

warnings that accompanied this product were adequate." Doc. #71 at 19. Defendant argues that it provided three supplemental responses to plaintiff's request, the last of which indicated:

> Subject to and without waiver of our objections previously raised in response to Interrogatory No. 13, our response is the same explanation we gave to you during our October 2 telephone conference, which we agreed to state again in our November 9 letter: The existence of wear debris from metal implants in the body is a well-known and understood phenomenon in the scientific and medical community. It is further understood that the human body may respond to the presence of wear debris associated with any type of metal implant by producing corresponding metal ions.
>
> You also acknowledge in your November 16 Letter that metal-on-metal implants have been utilized for decades, and there was an awareness of the body's response to metal debris during those periods.

Doc. #79-3 at 4. Defendant asserts that it "has answered this question over and over again," and that "[t]here is nothing else for Smith & Nephew to say in response to this Interrogatory." Doc. #79 at 13. In his reply, plaintiff argues that defendant "has not addressed 'when' did they first become aware of information or studies that show the implants received by the Plaintiff may lead to elevated levels of cobalt or chromium ions in the blood." Doc. #82 at 4.

Defendant argues that it has adequately responded to plaintiff's interrogatory through its supplemental letter responses, see Doc. #79 at 12-13, which were signed by plaintiff's counsel Douglas J. Moore, see Doc. ##79-1, 79-2, 79-

3. However, letters from counsel are not sufficient responses. Rule 33(b)(1)(B) of the Federal Rules of Civil Procedure requires that interrogatories must be answered by an officer or agent of defendant. See Fed. R. Civ. P. 33(b)(1)(B).

Defendant's responses also fail to directly state when defendant first became aware of information or studies indicating that the implants could cause elevated levels of cobalt or chromium ions in the blood. See Doc. #79 at 12-13. This request is not vague or overbroad. Defendant shall directly address when it became aware of this information, even if it cannot specify an exact date.

Accordingly, plaintiff's motion to compel defendant to respond to plaintiff's Interrogatory 13 is **GRANTED**.

### E.    Interrogatory 22

22: Set forth with specificity the amount of cobalt and chromium, if any, was the acceptable amount to be emitted into the recipient's blood stream by each of the items listed on Schedule A. In addition, state:
a. How much was acceptable to be deposited into the tissue surrounding the device?
b. Provide a high and low.
b. Identify all documents where these rates were disclosed to the FDA.

Doc. #25-1 at 14-15 [sic]. Defendant objected to the request as "vague, overbroad, seeking information not related to the claims and defenses of any party and the burden of response is disproportionate to the needs of the case." Doc. #25-1 at 15.

Subject to its objections, defendant responded: "[S]ee FDA
website,

https://www.fda.gov/MedicalDevices/ProductsandMedicalProcedures/
ImplantsandProsthetics/MetalonMetalHipimplants/ucm241604.htm."
Id.

Plaintiff argues that the website defendant referenced "is
non-responsive[]" because "[w]hether the FDA had established
standards is not relevant[.]" Doc. #71 at 20. Plaintiff contends
that "[t]he question asks what was Smith & Nephew's standard,
when the Defendant established this standard, or if the
Defendant established such a standard and is relevant." Id.
Plaintiff further states that "Interrogatory #22 seeks to learn
whether Smith & Nephew made any efforts to learn what would be
an appropriate level of these elements." Id. Defendant responds
that "Plaintiff wholly fails to reference the supplemental
information provided to Plaintiff's counsel concerning this
Interrogatory[,]" which "clearly and accurately provides
responsive information to Plaintiff's request, i.e., that there
is no applicable threshold for metal ions that is relevant to
the clinical performance of the devices." Doc. #79 at 13.
Plaintiff disagrees, arguing that "Defendant should have
determined ... the acceptable level, if any," of "cobalt and
chromium that may be deposited into the receptive system from
the wear friction generated by this device[,]" which "is

relevant to show the device is defective and whether the Defendant acted recklessly when it put this product on the market." Doc. #82 at 5.

Despite plaintiff's assertions to the contrary, plaintiff's interrogatory does <u>not</u> ask whether <u>defendant</u> determined an acceptable amount of cobalt and chromium. Plaintiff's interrogatory is vague, and it does not specify that it seeks information <u>determined by defendant</u>. Rather, it simply asks for information regarding "acceptable" amounts. Defendant responded by directing plaintiff to information regarding metal-on-metal hip implants on the FDA's website, arguing that the "FDA has chosen not to establish 'acceptable limits' for cobalt and chromium[.]" <u>See</u> Doc. #79 at 13. This is responsive to plaintiff's interrogatory. While plaintiff may have <u>intended</u> to request something different, defendant has answered the interrogatory actually posed. Accordingly, plaintiff's motion to compel defendant to respond to Interrogatory No. 22 is **DENIED**.

### F. Verification

Plaintiff argues that although "Defendant emailed a Verification Page[,]" "Defendant's responses need to be fully compiled within one document, and the certification attached so that the admissions can be used at trial." Doc. #71 at 21. Plaintiff attaches a copy of defendant's verification page as Exhibit B to his renewed motion to compel. <u>See</u> Doc. #71 at 27.

Defendant states that it is "unnecessary to address this issue[,]" because plaintiff "acknowledges that he has already received a verification." Doc. #79 at 4.

The verification page that defendant emailed to plaintiff is sufficient to verify all of defendant's interrogatory responses actually provided by a particular officer or agent of defendant, and the Court will construe it to apply to any of defendant's responses submitted in compliance with Rule 33(b)(1)(B). However, defendant may not rely on responses conveyed by counsel for defendant in emails, phone calls, and letters over the course of the meet and confer process. See Fed. R. Civ. P. 33(b)(1)(B). Defendant attached three letters signed by counsel for defendant as exhibits to its opposition to plaintiff's motion to compel, which purport to respond to plaintiff's interrogatories and requests for production. See Doc. #79-1; Doc. #79-2; Doc. #79-3. Defendant relies on the supplemental responses in these letters as proof that it has fully responded to plaintiff's interrogatories. See Doc. #79 at 9-10 (contending the response to plaintiff's Interrogatories 11(c), 11(d), and 11(e) included in a letter from counsel for defendant dated December 19, 2017, is a sufficient response); id. at 12-13 (arguing that it provided plaintiff with additional responses to Interrogatory 13 in letters from counsel for defendant dated May 31, 2017, November 9, 2017, and December 19,

2017). These responses do not comply with the requirement that answers to interrogatories must be provided by an officer or agent of defendant. See Fed. R. Civ. P. 33(b)(1)(B).

Therefore, plaintiff's motion to compel is **GRANTED** to the extent that defendant has not provided responses to plaintiff's interrogatories from an officer or agent of defendant. An officer or agent of defendant must furnish defendant's full answers to plaintiff's interrogatories on or before **April 2, 2018.**

## IV.  Conclusion

For the reasons set forth above, the Court **GRANTS, in part,** and **DENIES, in part,** plaintiff's Motion to Compel. [**Doc. #71**].

Defendant shall produce a copy of the relevant insurance policy, as requested by plaintiff's Request for Production Section I: Coverage – Request No. 1(a), on or before **April 2, 2018.**

Plaintiff's Motion to Compel defendant to produce all claims made on the policy stemming from the devices in this action and the insurance company's acknowledgment of any claims in response to plaintiff's Request for Production Section I: Coverage - Request No. 1(b) and (c) is **DENIED.**

Plaintiff's motion to compel the production of minutes of discussions relating to the two-paragraph legal settlement and provisions portion of the Smith & Nephew Annual Report 2015 is

**GRANTED.** Defendant shall produce any such minutes on or before **April 2, 2018.**

Plaintiff's motion to compel defendant to respond to Interrogatories 11(c), 11(d), and 11(e) is **DENIED.**

Plaintiff's motion to compel defendant to respond to plaintiff's Interrogatory 13 is **GRANTED.** Defendant shall respond indicating when it became aware of information or studies indicating the implants may lead to elevated levels of cobalt or chromium ions in the blood on or before **April 2, 2018.**

Plaintiff's motion to compel defendant to respond to Interrogatory 22 is **DENIED.**

Plaintiff's motion to compel defendant to verify its responses to plaintiff's interrogatories is **GRANTED,** to the extent that defendant has not provided responses from an officer or agent of defendant as required by Rule 33(b)(1)(B). An officer or agent of defendant must furnish defendant's full answers to plaintiff's interrogatories on or before **April 2, 2018.** The Court construes the verification page that defendant emailed to plaintiff, <u>see</u> Doc. #71 at 27, to apply to any of defendant's responses submitted in compliance with Rule 33(b)(1)(B).

This is not a Recommended Ruling. This is an order regarding discovery which is reviewable pursuant to the "clearly erroneous" statutory standard of review. <u>See</u> 28 U.S.C.

§636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

SO ORDERED at New Haven, Connecticut, this 19th day of March, 2018.

                              _____/s/_____
                              HON. SARAH A. L. MERRIAM
                              UNITED STATES MAGISTRATE JUDGE